# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| REBECCA HODGES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CV-195-JED |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, L.P. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Before the Court is the Motion for Summary Judgment (Doc. 15) filed by the defendant, Wal-Mart Stores East, L.P. Defendant argues that the hazardous condition that caused plaintiff's injuries was open and obvious, such that defendant had no duty to protect plaintiff from it or to warn her of the condition. Plaintiff argues that the evidence presents an issue of fact as to whether the dangerous condition was open and obvious.

**I.  Background**

On July 15, 2015, at approximately 4:00 p.m., the plaintiff, a 76-year-old woman, was shopping with her husband at the Wal-Mart store in Bixby, Oklahoma. They were in the outdoor garden center area, shopping for mulch. Plaintiff saw a large machine in the aisle near some mulch that she wanted to view up close. The record evidence is conflicting as to whether plaintiff understood at that time that the machine was a forklift, specifically, but it is undisputed that she saw a large machine there. Plaintiff scooted between the forklift and the aisle to take a closer look at the mulch. As she was "scooting back" down the aisle, she tripped on one of the forks of the forklift – which were lowered to the pavement – and fell, fracturing her right humerus. She testified that she did not see the forks of the machine before she fell.

The forklift was unattended, and its forks were not marked with any flag or other apparent warning. Plaintiff has presented evidence supporting her assertions that the forklift forks were gray, they were lowered to the gray concrete floor, and they were aligned with shadows on the concrete. She therefore argues that the presence of the forks on the floor was not open and obvious.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The courts thus must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The non-movant's evidence is taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255. The Court may not weigh the evidence and may not credit the evidence of the moving party and ignore the non-movant's evidence. *Tolan v. Cotton*, 572 U.S. ___, 134 S. Ct. 1861, 1866 (2014) (per curiam).

## III. Analysis

Defendant's motion is premised entirely upon an argument that the forklift was an open and obvious condition, such that defendant had no duty to warn or to protect plaintiff. Under Oklahoma law, the courts in such cases first determine the plaintiff's status, as a trespasser, licensee, or invitee. *Wood v. Mercedes-Benz of Okla. City*, 336 P.3d 457, 459 (Okla. 2014).[1] Here,

---

[1] In this diversity suit, the Court is to "ascertain and apply [Oklahoma] law [and reach] the result that would be reached by [an Oklahoma] court." *See Martinez v. Angel Exploration, LLC*, 798 F.3d 968, 973 (10th Cir. 2015) (applying Oklahoma law in diversity premises liability action).

it is undisputed that plaintiff enjoyed the status of an invitee while she was shopping at the Bixby Wal-Mart. "[A] property owner, as an invitor, owes the highest duty of care to an invitee." *Wood*, 336 P.3d at 459. With respect to an invitee, a property owner must "exercise reasonable care to keep the premises in a reasonably safe condition and to warn of conditions which [are] in the nature of hidden dangers, traps, snares, or pitfalls." *Id.* (quoting *Martin v. Aramark Servs., Inc.*, 92 P.3d 96, 97 (Okla. 2004)); *see also Sholer v. ERC Mgmt. Group, LLC*, 256 P.3d 38, 43 (Okla. 2011). However, the owner "need not guard the invitee against dangers so apparent and readily observable that the conditions should be discovered." *Sholer*, 256 P.3d at 43. "In other words, a landowner has no duty to render safe an 'open and obvious' danger." *Martinez*, 798 F.3d at 975.

The Oklahoma Supreme Court has "rejected the 'open and obvious defense' in a number of cases where the condition or defect was visible but unseen by the plaintiff." *Id.* In doing so, that court has reasoned:

> A danger need not be totally or partially obscured from vision or withdrawn from sight to be considered hidden. Rather, it may encompass a condition presenting a deceptively innocent appearance of safety, cloaking a reality of danger. It may also arise from circumstances diverting the plaintiff's attention from the danger. Therefore, not every "observable" condition is "open and obvious" as a matter of law. Whether harm from an open and obvious defect may be actionable depends on an objective due care standard, i.e., whether under similar circumstances a prudent person would be able to see the defect and avoid being injured. Nevertheless, it is well established in our jurisprudence that, where conflicting evidence is presented on the issue of the open and obvious nature of a defect, the question must be resolved by the trier of fact. What would normally be considered an open and obvious danger may become a latent defect because of the conditions existing at the time of injury.

*Id.* at 43-44. "All of the circumstances must be examined to determine whether a particular condition is open and obvious to the plaintiff or not." *Zagal v. Truckstops Corp. of America*, 948 P.2d 273, 275 (Okla. 1997). "[T]he characteristic of an item as being observable . . . cannot, by itself, require that item to be declared as a matter of law an open and obvious danger." *Id.*

3

Applying Oklahoma law and considering all of the circumstances identified in the record, summary judgment is not appropriate in this case. The record evidence, drawn in plaintiff's favor as is required at this stage, presents a genuine dispute of material fact as to whether the forks of the forklift were open and obvious. Plaintiff testified that, although she saw a large machine and scooted past it to get a closer look at the brown mulch, she did not see the protruding forks of the forklift on the ground before she tripped over one of them and was injured. There is additional evidence that the sun was shining, causing shadows from the forklift to align with and obscure the gray forks which were on the ground and not otherwise obviously marked or visible. (*See* Doc. 18-2, 20-1; *see also* Doc. 18-5 at 2-3).

Numerous Oklahoma decisions support the denial of summary judgment under these circumstances. *See, e.g., Zagal*, 948 P.2d at 274-75 (summary judgment improper where plaintiff was injured after tripping on a large box, which she claimed she did not see because it was partially hidden from view); *Roper v. Mercy Health Center*, 903 P.2d 314 (Okla. 1995) (issue for jury as to whether small light fixture in sidewalk, which plaintiff allegedly did not see and then tripped over, could be considered hidden); *Spirgis v. Circle K Stores, Inc.*, 743 P.2d 682 (Okla. Civ. App. 1987), approved for pub. by Okla. Sup. Ct. (issue of fact as to whether a pothole was hidden because of traffic); *Phelps v. Hotel Mgmt., Inc.*, 925 P.2d 891 (Okla. 1996) (although glass bowl on which plaintiff hit her head was visible, its allegedly dangerous position relative to the seating area was not necessarily, as a matter of law, open and obvious); *Sholer*, 256 P.3d at 42-44 (issue of fact precluding summary judgment as to whether the danger of diving head first into a pool was open or obvious where there was evidence that the pool lighting created shadows in the pool, and other conditions existed, which caused the depth of the water to be deceptive); *Hansen v. Academy*, 136 P.3d 725 (Okla. Civ. App. 2006), cert. denied (issue of fact as to whether boat trailer tongue

4

protruding from a displayed boat was open and obvious where plaintiff testified that she did not see it and was distracted by the display).[2]

The defendant's motion for summary judgment (Doc. 15) is **denied**.

SO ORDERED this 30th day of April, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff further argues that *Wood*, 336 P.3d at 459-60, abrogated the open and obvious danger doctrine as to invitees like her. However, the court in *Wood* expressly stated that its "opinion should not be construed as abrogating the open and obvious defense in all cases." *Id.* at 460, n.8. "The reach of Oklahoma's newly recognized exception to the open and obvious doctrine is yet to be determined, but it clearly applies in situations like *Wood* where a business invitee is 'present to fulfill [his or] her employer's contractual duty to provide service,' the invitee's 'presence and exposure to the hazardous . . . condition was compelled to further a purpose of the [defendant],' and the invitee was 'required to encounter 'the hazardous condition in furtherance of [his or] her employment.'" *Martinez v. Angle Exploration, LLC*, 798 F.3d 968, 978 (10th Cir. 2015). District courts asked to apply the *Wood* exception have generally considered it applicable only to situations where the owner could foresee the plaintiff's injury because the plaintiff had no choice but to traverse an obvious and open danger. *See, e.g., Fuqua v. Deer Run Apts.*, 16-CV-318-CVE, 2017 WL 1193061 (N.D. Okla. Mar. 29, 2017) ("In *Wood*, the Oklahoma Supreme Court created an exception to the open and obvious doctrine based on foreseeability, and in that case the plaintiff's injury was foreseeable because she needed to cross the dangerous ice to perform her job. . . . Here, *Wood* applies because it was foreseeable that plaintiff would go down the dark staircase despite its obvious danger because it was the only way to exit her apartment building after dark."); *Bower v. Donley-Kirlin Joint Venture*, CIV-16-308-M, 2017 WL 95406 at *2, n.5 (W.D. Okla. Jan. 10, 2017) ("Plaintiff also asserts that defendant owed her a duty regardless of whether the hazard was open and obvious based upon *Wood*. . . .The Court finds the facts of this case do not fit within the narrow exception created in *Wood* as . . . it would not be likely that she would 'proceed through the dangerous condition in furtherance of [her] employment.'").

The facts of the instant case do not fit within the *Wood* exception. Plaintiff was a typical customer of the store who could protect herself, either by avoiding any open and obvious hazard that she may have encountered or by leaving altogether. *Wood* did not abrogate the open and obvious defense as to typical customers in such circumstances. *See Wood*, 336 P.3d at 459-60, nn.6, 8. As noted, there is a genuine dispute of material fact – to be determined by the jury – as to whether the condition was in fact open and obvious, precluding summary judgment.

5